IRVING FLIEGLER, Appellant, *v.* ALFRED S. HOLMES et al., Respondents, et al., Defendant.

*Per Curiam.* Plaintiff appeals from an order denying his motion for summary judgment as to the second cause of action.

Plaintiff sued as assignee of one Guhl, who loaned defendants $30,000 pursuant to a written agreement that the borrowers would repay in one year. There is no issue concerning the making of the loan.

The defendants, by affidavits, attempt to create triable issues concerning (1) a defense that the plaintiff is not the real party in interest; (2) a defense that the plaintiff being an assignee and attorney is guilty of champerty under section 274 of the Penal Law, and (3) a counterclaim for breach of contract.

The plaintiff appears to have good title by assignment. Though an attorney, plaintiff did not buy the claim for suit. Therefore, the defenses have no merit.

The affidavit supporting the counterclaim mostly paraphrases the pleading, and the factual support in the affidavit does not appear sufficient to create a triable issue. The gist of the counterclaim is that Guhl, a Swiss national, induced the defendants to invest money in a New York restaurant by representations that Guhl would participate in the management of the business. A breach of this contract is alleged. The affidavits and correspondence clearly disclose, however, that attempts by Guhl to participate in the restaurant operation were rejected by the defendants and by the wife of one of them, who was their agent. Statements made in connection with payment of interest, and other admissions of the debt, as disclosed by the correspondence between the parties, clearly reveals that the counterclaim is wholly without merit.

The order appealed from should be reversed, with $20 costs and disbursements, and plaintiff's motion for summary judgment as to second cause of action and for a severance granted. Settle order.

Callahan, J. P., Breitel, Bastow, Botein and Rabin, JJ., concur.

Order unanimously reversed, with $20 costs and disbursements to the appellant, and the motion granted. Settle order on notice.